UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julian E. Rochester, # 171519, | ) | **C/A No. 8:11-2340-JMC-JDA** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Lieutenant C. Harcuff; | ) | |
| Sgt. Attwood; | ) | |
| Correctional Officer Root; | ) | |
| Correctional Officer Hayne | ) | |
| Correctional Officer Page; | ) | |
| Correctional Officer Phillips; | ) | |
| Correctional Officer Black; | ) | |
| Sgt. Pacy; | ) | |
| Sgt. Ridland; | ) | |
| Correctional Officer L. Grains; | ) | |
| Lt. Byrd; | ) | |
| Sgt. Justice; | ) | |
| Captain Abston; | ) | |
| Major Bush; | ) | |
| W. R. Bytes; | ) | |
| J. N. Haley; | ) | |
| 100 Defendants, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## ***Background of this Case***

Plaintiff is an inmate at the Perry Correctional Institution.  Plaintiff is under an Order of Pre-Filing review.  *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).

*See also* Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*,

Misc. No. 2:95-MC-131, issued by the Honorable William B. Traxler, Jr., who was a United States District Judge at the time.

In an order (ECF No. 11) filed in this case on September 6, 2011, the magistrate judge directed Plaintiff to bring this case into "proper form" by submitting Forms USM-285 and summonses. Although Plaintiff submitted Forms USM-285 for some of the Defendants listed in the caption of this case, Plaintiff failed to submit Forms USM-285 for seven of the Defendants listed in this case. Additionally, Plaintiff submitted additional summons pages and Forms USM-285 for persons who were obviously not involved in the alleged incidents of excessive force. Most of these persons appear to be attorneys or state agencies involved with Plaintiff's prior litigation in courts of the State of South Carolina. It appears that Plaintiff is attempting to piggyback extraneous claims to what would have been a claim of excessive force.

Excessive force is actionable. *Wilkins v. Gaddy*, 175 L.Ed.2d 995, 130 S.Ct. 1175 (2010) (superannuating older Fourth Circuit case law on *de minimis* injuries in excessive force cases). In *Wilkins v. Gaddy*, 130 S.Ct. at 1178-80, the Supreme Court held that the core judicial inquiry when a prisoner alleges that prison officers used excessive force against the prisoner is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See also Hudson v. McMillian*, 503 U.S. 1, 4 (1992) ("the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.").

This Court would have been inclined to serve this case because of the holding in *Wilkins v. Gaddy*. The magistrate judge's order of September 6, 2011, provided Plaintiff the opportunity to bring this case into "proper form." Instead of complying with the terms of the magistrate judge's "proper form" order, Plaintiff decided to attempt to pursue extraneous claims by submitting summons and Forms USM-285 for other persons with whom Plaintiff has had past state and federal court cases (ECF No. 17). Thereby, Plaintiff has failed to comply with the magistrate judge's order of September 6, 2011.

### *Conclusion*

Plaintiff's Motion for Recusal (ECF No. 15) is **DENIED**. *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (knowledge from prior judicial proceeding not basis for recusal). Plaintiff's Motions for Declaratory Judgment (ECF No. 7, ECF No. 14 and ECF No. 16) are **DENIED**. **The above-captioned case is, hereby, dismissed** *without prejudice* **and without service of process pursuant to** the General Order (Misc. No. 3:07-MC-5014-JFA) filed on September 18, 2007. The Clerk of Court shall "close" the file.

IT IS SO ORDERED.

September 14, 2011                         s/J. Michelle Childs
Greenville, South Carolina              United States District Judge

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is, hereby, notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.**